[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12514
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00342-TWT-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL VALLES CARRASCO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 8, 2015)

Before HULL, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Manuel Carrasco appeals his total 33-month sentence, imposed at the low end of the advisory guideline range, after pleading guilty to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, five counts of aiding and abetting and wire fraud, in violation of 18 U.S.C. §§ 1343, 2, and five counts of wire fraud, in violation of 18 U.S.C. § 1343.  Briefly stated, Carrasco argues that a within-guideline sentence was substantively unreasonable in this case because it failed to take into account adequately his status as a first-time offender and the collateral consequences he will suffer as a result of his immigration status. Carrasco specifically asserts that he will lose his permanent resident status and will be ineligible for release into a halfway house.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  The party who challenges the sentence bears the burden of showing that it is unreasonable in the light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), including the need to promote respect for the law, provide just

2

punishment for the offense, deter criminal conduct, and protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must additionally consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, any relevant policy statements of the Sentencing Commission, the need to avoid unwarranted disparities in sentencing, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The weight given to any particular factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). We will remand, however, if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty also suggests that the sentence is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a within-guideline sentence was reasonable in part because it was well below the statutory maximum).

Upon review of the record and consideration of the parties' briefs, we affirm.

In this case, the district court did not abuse its discretion in declining Carrasco's request for a downward variance. Carrasco's sentence was within the guideline range and substantially below the statutory maximum. The district court considered and spoke to the collateral-consequences arguments. Carrasco's sentence reflected the seriousness of the offense and impact on the victims, the disparity in culpability between Carrasco and his codefendant, and Carrasco's history and characteristics. Carrasco's sentence was reasonable in the light of the § 3553(a) factors, and we affirm.

**AFFIRMED.**